JOHN BROOKS et al. v. DAN SHOOK et al.

(Filed 20 May, 1908).

**Evidence—Admissions—Declarations, Incompetent.**

> When, in locating a corner of land in ejectment proceedings, plaintiff was asked on cross-examination, for the purpose of a *quasi* admission, if B., the one under whom he claimed, was present at the time of a certain survey, which was negatived by his answer, it was incompetent on redirect examination for the witness to state that on that occasion B. said the true corner was not there, but where plaintiff now claims, as this was his testimony of a declaration made by B. in his own interest.

ACTION tried before *Cooke, J.,* and a jury, at May Term, 1907, of BUNCOMBE.

Plaintiff appealed.

*Zebulon Weaver* and *F. W. Thomas* for plaintiff.

*Frank Carter, H. C. Chedester* and *Wells & Swain* for defendant.

CLARK, C. J. Ejectment, the crucial question being the location of a certain corner. The plaintiff, on cross-examination, was asked if George Brooks (now long deceased), under whom his title was derived, was not present when the survey was made from the corner now claimed by defendant. The witness replied that he was, and "objected to the survey and

said, 'You are running from the wrong point.' " The object of the question was, of course, to get a *quasi* admission against the interest of George Brooks, and the answer of the witness completely negatived such admission. The plaintiff excepts because, on redirect examination, he was not allowed to state that George Brooks on that occasion further said that the true corner was where the plaintiff now claims. This was a declaration in his own interest, and incompetent. The plaintiff relies on the principle that, the defendant having called out part of a conversation, he is entitled to the balance. But the defendant did not call for any conversation. He sought to get the benefit of a *quasi* admission from the presence of George Brooks at the former survey and his not making objection. The witness having answered that George Brooks did make objection, saying this was the wrong point, there is no reason why the plaintiff should be allowed to go further and bring out evidence of declarations of George Brooks in his own favor as to where the corner really was. It is enough that the witness negatived any inference from George Brooks' presence that he admitted that it was at this place.

No Error.